# EXHIBIT A



Fee Attached - 250
Batch # - 646
Check # - M10 492842
Cash Reference # -
Overpayment Amount -

SUPERIOR COURT OF NEW JERSEY
MONMOUTH VICINAGE
FINANCE DIVISION
OCT 3 0 2018

Thomasina L. Lloyd
Pro se
PO Box 211
Neptune, NJ 07754
(732) 984-0673

| Thomasina L. Lloyd, | |
| --- | --- |
| Plaintiff, | **SUPERIOR COURT NEW JERSEY** |
| | **LAW DIVISION: MONMOUTH COUNTY** |
| vs. | **DOCKET NO:** MON-L-3915-18 |
| Ocean Township Counsel, | Civil Action |
| Ocean Township Board of Education, | |
| Ocean Township Police Department, | **COMPLAINT** |
| Ocean Township Municipal Court, | |
| John Does 1-100, | |
| Defendants, | |



OCT 3 0 2018
MONMOUTH VICINAGE
CIVIL DIVISION 236

Plaintiff, Thomasina L. Lloyd, residing at PO Box 211, Neptune, NJ 07754, County of

Monmouth October 26, 2018 Ocean Township Counsel, Ocean Township Board of Education,

Ocean Township Police Department, Ocean Township Municipal Court, Qual-Lynx, Defendants

is being sued.

This claim arose on or about March 6, 2014 when Ms. Lloyd was arrested following a two

and half hour meeting with Superintendent John Lysko, Assistant Superintendent Denise

Ricciardi, and Special Projects Supervisor Lorretta Kachmar-Will. The March 6, 2014 meeting

was scheduled to address egregious violations of the Federal education law.

Next, Ms. Lloyd was arrested shortly after leaving the building. The Ocean Township Police arrested Ms. Lloyd without basis in fact or law, but on the basis of a false report made by Respondent Kachmar-Will. Ms. Lloyd provided the police officers with identification and was subsequently informed that she had an outstanding traffic warrant. Ms. Lloyd was then arrested, handcuffed, processed, jailed, and interrogated at the precinct before being transferred to the county jail. At no time was she informed of any charges other than for the outstanding traffic warrant. Ms. Lloyd's friend immediately came to the precinct to post bail on the traffic warrant upon arrest, but was turned away by police officers. Ms. Lloyd was in custody for over 24 hours and was ultimately charged with robbery in the course of an aggravated assault for allegedly grabbing the arm of Respondent Kachmar-Will and forcefully removing her son's school records, to which she was legally entitled to under Federal law, in violation of N.J.S.A. 2C:15-(a)(1). Detective Michael Melody (#269) lied in police report and said Ms. Lloyd admitted to something she did not do. The police report contradicts the interrogation dvd.

On or about May 31, 2014, the robbery charge was downgraded to a single count of harassment, in violation of N.J.S.A. 2C:33-4(b), and the case was transferred to Municipal Court. On or about February 23, 2016, Ms. Lloyd was convicted of one count of harassment following a bench trial. Ms. Lloyd subsequently filed a de novo appeal. Ms. Lloyd appeared before Monmouth County Superior Court on or about September 2, 2016, at which time a judgement of acquittal was entered. On December 2, 2016 Ms. Lloyd serve all above entities with a Notice of Tort Claim, hand delivered, regular and certified mail. On July 14, 2018 a Demand Letter was sent to all involved entities in an effort to settle.

On or about March 13, 2014, the Township of Ocean Police Department issued a press release regarding Ms. Lloyd's arrest. As a result, her name and character was slandered in several local

Page 2 of 16

newspapers and other online publications. Ms. Lloyd was further caused damage to her reputation in the community by Respondent Kachmar-Will's false accusation and Detective Michael Melody (#269) lie.

## Legal Argument

Ms. Lloyd, an African American, is a parent who inquired about her son's care and education at the Ocean Township School he was attending at that time. It is our contention that due to her race she was falsely accused and erroneously charged for asking questions and seeking documentation regarding her son. Prior to the meeting and false accusation Ms. Lloyd filed a complaint and petition against Ocean Township Public School District with the New Jersey Department of Education for violating her son's right to a Free Appropriate Public Education (FAPE) and Family Educational Rights and Privacy Act (FERPA). A court date with the Administrative Law Office was scheduled for April of 2014. A white person would not have been charged with robbery or assault for requesting documentation about their child. It is appalling and degrading that the system was used to charge her at all for taking care of her son.

The defendant in this action resides at Ocean Township Counsel, 339 Monmouth Road, Oakhurst, NJ 07755; Ocean Township Board of Education, 163 Monmouth Road, Oakhurst, NJ 07755; Ocean Township Police Department, 399 Monmouth Road, Oakhurst, NJ 07755; Ocean Township Municipal Court, 399 Monmouth Road, Oakhurst, NJ 07755 and Qual-Lynx, 100 Decadon Drive, Egg Harbor, NJ 08234.

In the County of Monmouth, State of New Jersey.

2. Plaintiff is entitled to relief from defendants under the above facts.

3. The harm that occurred as a result of defendants' acts include;

## Malicious Prosecution

A malicious prosecution action arising out of a criminal prosecution requires proof: (1) that the criminal action was instituted by the defendant against the plaintiff, (2) that it was actuated by malice, (3) that there was an absence of probable cause for the proceeding, and (4) that it was terminated favorably to the plaintiff. [67 N.J. at 262,337 A.2d 365.] Paterson Tallow Co., Inc. v. Royal Globe Ins. Companies, 89 N.J. 24, (NJ 1982)

Ms. Lloyd clearly meets the elements here.

It is appalling that everyone had the audio tape of the actual meeting and nowhere on the tape does anyone hear anyone getting hit, but yet the prosecutor went forward with the case. Even if the Municipal Court Judge said that all parties were respectful 99% of the time the meeting the Court still found Ms. Lloyd guilty. There was absolutely no evidence that my client ever hit the school official. Even though the paperwork she was legally entitled to was about her son.

Yet she was arrested and charged with robbery in the commission of an assault. Where is the probable cause in this matter? There was none. Moreover, how is she guilty of taking something she has a right to? She is not. While the charges were downgraded to petty disorderly person offense as a harassment; there was no probable cause for these charges either since there was no evidence that Ms. Lloyd ever touched the school officer.

A superior court judge acquitted Ms. Lloyd because he found there was no evidence beyond a reasonable doubt to convict her. He indicated that she was just a mothing taking care of her son's education. There was no evidence that Ms. Lloyd hit Ms. Kachmar-Will.

Furthermore, there were numerous inconsistencies in school official's Ms. Kachmar-Will testimony.   This was simply a mother of a son trying to get answers to questions and it turned into something an incident due to the lies of the school officials.

## 1983

It is now firmly established that in order to succeed in a § 1983 claim, plaintiff must make a prima facie showing that defendants, while acting under color of state law, deprived him of a clearly established constitutional or statutory right. Delacruz v. Borough of Hillside, 2004 WL 32662, 365 N.J. Super. 127 (N.J. 2004) citing Leopardi v. Township of Maple Shade, 363 N.J.Super. 313, 327, 832 A.2d 943 (App. Div.2003). Police officers discharging their law enforcement responsibilities act, by definition, under color of law. Id. citing See Jiosi v. Township of Nutley, 332 N.J.Super. 169, 178, 753 A.2d 132 (App.Div.2000).

There is no question here that plaintiff established a prima facie case under § 1983. The police officers acted under color of state law and according to plaintiff, deprived him of his constitutional rights by: (1) stopping her; (2) arrested her; and (3) taking her down to the station and having her in a jail cell for over 24 hours.

The affirmative defense of qualified immunity entitles police officers being sued under § 1983 to immunity from civil prosecution if they can successfully prove: (1) that they acted with probable cause; or, (2) even if probable cause did not exist, that a reasonable police officer could have believed in its existence. Id. citing Schneider v. Simonini, 163 N.J. 336, 355, 749 A.2d 336 (2000), cert. denied, 531 U.S. 1146, 121 S.Ct. 1083, 148 L. Ed.2d 959 (2001); Wildoner v. Borough of Ramsey, 162 N.J. 375, 385-86, 744 A.2d 1146 (2000).

We submit that the officers did not have probable cause to charge or detain Ms. Lloyd. "'Probable cause exists if at the time of the police action there is a well-grounded suspicion that a

Page 5 of 16

crime has been or is being committed." Id. citing State v. Dangerfield, 171 N.J. 446, 456, 795 A.2d 250 (2002) (quoting State v. Sullivan, 169 N.J. 204, 211, 777 A.2d 60 (2001) (internal quotation marks omitted)). This standard requires a police officer to make "'a practical, common-sense decision whether, given all the circumstances...there is a fair probability that contraband or evidence of a crime will be found in a particular place.'" State v. Demeter, 124 N.J. 374, 380-81, 590 A.2d 1179 (1991) (quoting Illinois v. Gates, 462 U.S. 213, 238, 103 S.Ct. 2317 2332, 76 L. Ed.2d 527, 548 (1983)).

All they had was a statement from a school official. My client had a recording that indicated no physical contact happened and the documents were about her son she was legally entitled to. There was no evidence that a crime was afoot?

Officers are entitled to assert the defense of qualified immunity if they *reasonably* believed that probable cause existed. The test here is an objective one. It is not legally sufficient for the officer's to subjectively or even honestly believe that the facts, as they knew them, conferred upon them the legal authority to act as they did here. Id. Successful assertion of the defense of qualified immunity requires defendants to establish that a reasonably competent police officer receiving the same information would have concluded that probable cause existed. Id. Thus, qualified immunity does not protect police officers who are "plainly incompetent or those who knowingly violate the law." Id.

There was no evidence that established that a crime had taken place. The Detective Michael Melody (#269) lied and said Ms. Lloyd admitted to the offense when she did,not. The police report contradicts the interrogation dvd. This was because there was no probable cause for the crime in the first place. The police department acted with malice and maligned Ms. Lloyd due to her race.

### False Arrest and Imprisonment

N.J.S.A. 59:3-3 provides that "[a] public employee is not liable if he acts in good faith in the execution or enforcement of any law; however, nothing in this section exonerates a public employee from liability for false arrest or false imprisonment." (Emphasis added). Delacruz v. Borough of Hillsdale, 2004 WL 32662, 365 N.J. Super. 127, 838 A.2d 498 (N.J. Super., 2004) "[F]urtherance of legislative purpose is the key to [interpreting a statute]." Id. citing GE Solid State, Inc. v. Director, Div. of Taxation, 132 N.J. 298, 308, 625 A.2d 468 (1993). Legislative intent can be derived from both the actual text in the statute and the objectives sought to be achieved. Id. citing Foxworth v. Morris, 134 N.J. 284, 288, 633 A.2d 536 (1993). The legislative history, as reflected in the comment to the statute, provides a clear insight into what the Legislature intended when it adopted N.J.S.A. 59:3-3:

The immunity provided by this section is similar to provisions contained in the California Tort Claims Act, § 820.4, the Federal Tort Claims Act, 28 U.S.C. § 2680(a), and other statutes throughout the country. Id. This section does not, however, immunize law enforcement officials from false arrest and false imprisonment. Id. It is recognized that law enforcement officers are not now immune in the State of New Jersey and it is believed that existing principles of law provide sufficient protection for the officer from frivolous suits. Id. Therefore, it is the intent of this section to emphasize the importance of compensating a citizen whose freedom has been unreasonably restricted. Id. citing [Report of the Attorney General's Task Force on Sovereign Immunity 216-17 (1972) (emphasis added).] In our view, this language supports our conclusion that plaintiff's loss of freedom is legally compensable notwithstanding the absence of any physical, psychological or emotional harm. The TCA was adopted in 1972. As the comment

cited above indicates, the Legislature was aware that the case law predating its passage did not immunize law enforcement officers from civil liability based on false arrest. Id.

In 1953, our Supreme Court declared: "Now, as to false arrest it has been repeatedly held in this State and elsewhere that the use of physical force is not altogether necessary. The essential thing is the constraint of the person." Id. citing Earl v. Winne, 14 N.J. 119, 127, 101 A.2d 535 (1953). (Emphasis added).

False arrest and false imprisonment are different names for the same tort. Price v. Phillips, 90 N.J.Super. 480, 484, (App.Div.1966). The tort of false imprisonment is complete when one unlawfully detains another. "'The gist of false imprisonment is mere unlawful detention without more.'" Lakutis v. Greenwood, 9 N.J. 101, 106, (1952) (quoting Altana v. McCabe, 132 N.J.L. 12, 13, (Sup.Ct.1944)). False imprisonment is a civil wrong similar to assault and battery in that "[it] consists in imposing, by force or threats, unlawful restraint upon a man's freedom of locomotion." Earl v. Winne, supra, 14 N.J. at 128. Police officers and other public officials may be held liable for false imprisonment where they have acted outside their authority. Lakutis v. Greenwood, supra, 9 N.J. at 106.

"False arrest, [like] false imprisonment, is the constraint of a person without legal justification." Id. Mesgleski v. Oraboni, 330 N.J.Super. 10, 24, 748 (App.Div.2000). "A [legal] basis for a suit for false arrest arises where the aggrieved party is arrested without legal authority...." Id. An unlawful arrest cannot be legalized by subsequent events. Id. Bauer v. Borough of Cliffside Park, 225 N.J.Super. 38, 47, (App.Div.), certif. denied, 113 N.J. 330.Id.

One who is wrongfully deprived of freedom does not necessarily suffer from a denial of the necessities for maintaining a physical existence. Nor can the signs of unlawful confinement be detected by conducting a physical examination of the victim. Id. As noted by the Supreme Court

Page 8 of 16

of California in Sullivan v. County of Los Angeles, 12 Cal.3d 710, 117 Cal.Rptr. 241 (1974),

"[i]n a false imprisonment case, the 'injury' suffered by an individual is the illegal confinement

itself rather than any detriment occurring after imprisonment...." Id. One who is wrongfully

deprived of freedom sustains an intangible injury, the magnitude of which cannot be measured or

assessed in physical terms. Id. Although this injury may, in some cases, also cause psychological

or emotional trauma, a victim of false arrest/false imprisonment need not experience such trauma

to have a legally compensable claim. Id.

In a free society, a citizen has the right to move about, unburdened by unreasonable

governmental restrictions. Id. A deprivation of this right is rendered legally compensable when

it results from the unlawful acts of government agents such as police officers. To conclude

otherwise would convert this civil right into an empty promise. Id.

Consider a case where a person is unlawfully detained by the police, not for ten minutes as

in this case, but for several days. He is not physically mistreated during his incarceration and is

eventually released physically unharmed. Id. Is he to be left without legal compensation? Did the

Legislature intend to leave this obvious wrong without a remedy? Id. Is the public policy of

deterrence embodied in the tort of false arrest/false imprisonment furthered by imposing a legal

requirement that renders any potential claim a nullity? We believe the answer to all three of these

questions is "no." Id.

We thus hold that a plaintiff asserting a false arrest/false imprisonment claim need only

prove that he or she was wrongfully deprived of freedom. Id. The length of the unlawful

confinement is relevant only to a determination of damages, not as an element of proof of

liability. See State v. Dickey, supra, 152 N.J. at 475. Here, plaintiff established all of the

elements necessary to prevail on his claim.

In the case at bar, Ms. Lloyd will prevail and the Township will be liable for false arrest and false imprisonment. She was arrested without probable case and detained for absolutely no reason for 24 hours.

It should be noted that there are numerous inconsistences in police report. More importantly the officer lied and said my client admitted to hitting the women when she did not. The interview is recorded and clearly Ms. Lloyd did not admit to doing something she did not do. Detective Michael Melody (#269) should be disciplined. It is clear that the arrest was not based on probable cause. The charges were not based on probable cause. Robbery??? Let review robbery. committing a theft by force is what a robbery is defined as. There was no theft if she was legally entitled to the paperwork since it was about her son. First problem/ There was no force no weapon was recovered and there was no hit, push. punch or shove that was demonstrated even at the time of arrest. Ms. Lloyd has an audiotape of the entire meeting. No where in the audio can anyone hear a hit or slap because there was no physical contact. The downgraded charges could not be sustained because there was no evidence of physical contact. 24 hours in a cell was false imprisonment when there was no reason for her detention. She was not armed or dangerous nor was there evidence of a felony where she would be a flight risk. There was no reason for an African American mother trying to help her son and obtain documents she was legally entitled too to be detained?? She should not have been locked up for this or a traffic ticket.

## Defamation

"[A] statement is defamatory if it is false, communicated to a third person, and tends to lower the subject's reputation in the estimation of the community or to deter third persons from associating with him." W.J.A. v. D.A., 210 N.J. 229, 43 A.3d 1148, 40 Media L. Rep. 1830

(N.J., 2012) citing Lynch v. N.J. Educ. Ass'n, 161 N.J. 152, 164–65( 1999) (citing *Restatement (Second) of Torts* §§ 558, 559 (4th ed. 1977)). A defamatory statement may consist of libel or slander. Id. citing Dairy Stores, Inc. v. Sentinel Publ'g Co., 104 N.J. 125, 133 (1986) (citing *Prosser and Keeton on Torts* § 111 at 771 (5th ed. 1984)); Rodney A. Smolla, *Law of Defamation* § 1:10 (2d ed. 2008). As a general proposition, "[t]he short and simple distinction between the terms is that libel is defamation by written or printed words, or by the embodiment of the communication in some tangible or physical form, while slander consists of the communication of a defamatory statement by spoken words, or by transitory gestures." Id. citing Smolla, *supra*, § 1:11 (footnotes omitted).

hat historical " 'distinction arose when relatively few people could read and the written word was awesome and thus more credible.' " Id. citing Smolla, *supra*, § 1:13 (citation omitted). Indeed, it was believed that the written word carried a greater sting than the spoken word, that it reached a larger audience, and that it evidenced greater premeditation on defendant's part. Id. citing Ward v. Zelikovsky, 136 N.J. 516, 528,(1994) ; Smolla, *supra*, § 1:13 (citing Spence v. Funk, 396 A.2d 967, 970 (Del.1978)); *see also* Senna v. Florimont, 196 N.J. 469, 479–82, (2008) (describing historical development of tort of defamation).

As scholars point out, "[t]he distinction between libel and slander would be nothing more than a quaint vestige of old common-law vocabulary if the elements of both torts were identical." Id. citing Smolla, *supra*, § 1:15. But they are not the same and it is in connection with damages that they diverge most obviously.

**B.**

"Damages which may be recovered in an action for defamation are: (1) compensatory or actual, which may be either (a) general or (b) special; (2) punitive or exemplary; and (3)

nominal." Prosser and Keeton, supra, § 116A at 842 (footnote omitted). Actual damages, as the name implies, refers to the real losses flowing from the defamatory statement. Id. at 843. It "is not limited to out-of-pocket loss," but includes "impairment to reputation and standing in the community," along with personal humiliation, mental anguish, and suffering to the extent that they flow from the reputational injury. Id. citing Gertz v. Robert Welch, Inc., 418 U.S. 323, 350 (1974).

Contained within the notion of actual damages is the doctrine of presumed damages—the losses "which are normal and usual and are to be anticipated when a person's reputation is impaired." Id. citing Prosser and Keeton, supra, § 116A at 843 (footnote omitted). Presumed damages are a procedural device which permits a plaintiff to obtain a damage award without proving actual harm to his reputation. Id. citing Smolla, *supra*, § 9:17. Among the [210 N.J. 240] rationales underlying the doctrine are the difficulty of proving the effects of the defamatory statement and that harm normally results from such a statement. Dun & Bradstreet, Inc. v. Greenmoss Builders, Inc., 472 U.S. 749, 760, (1985) (citation omitted).

Presumed damages apply in libel cases. Id. citing Prosser and Keeton, supra, § 112 at 785–86, § 116A at 843. In contrast, slander cases generally require proof of special damage—an economic or pecuniary loss. Id. citing Charles T. McCormick, *Damages* 415 (1935). However, if the slander is per se (e.g., accusation of a crime, a loathsome disease, misfeasance in business, or serious sexual misconduct, Biondi v. Nassimos, 300 N.J.Super. 148, 154, (App.Div.1997)), the requirement of proving special or economic damage in a slander case drops away, Ward, supra, 136 *N.J.* at 540. In that case, slander per se, like libel, permits the jury to consider presumed damages. Id.

A nominal damages award may be made in a defamation case to a plaintiff who has not proved a compensable loss. Id. citing Smolla, supra, § 9:5; Prosser and Keeton, supra, § 116A at 845. Nominal damages are "awarded for the infraction of a legal right, where the extent of the loss is not shown, or where the right is one not [210 N.J. 241] dependent upon loss or damage." Id. citing McCormick, supra, at 85. Such an award is a "judicial declaration that the plaintiff's right has been violated." Id. It serves the purpose of vindicating the plaintiff's character by a verdict of a jury that establishes the falsity of the defamatory statement. Id.

Finally, punitive or exemplary damages may be awarded in a defamation case. Id. Punitive damages are an exception to the general rule that damages are aimed at compensation. Id. at 275. They are intended to punish and deter wanton conduct. Id. In New Jersey, all elements of the Punitive Damages Act must be satisfied in order to sustain a punitive damages award. *See N.J.S.A.* 2A:15–5.9 to –5.17.

In the present case, the Township is liable for slander and liber. Do to the fact that there was no evidence of robbery or assault the facts reported in the newspaper were false and caused harm to Ms. Lloyd. The school official's rendition of the false facts to police and in court qualifies as slander.

Ms. Lloyd was unable and still is unable to obtain employment/ promising career due to the press release the police sent out regarding this false incident. The publication of the lies that were told about Ms. Lloyd has had a devastating effect on her and her child's life.

We are seeking to clear her name from the lies, racial harassment and degradation that occurred through what we believe to be a smear campaign that was submitted to the media by Ocean Township Officials through retractions by all media outlets who published this false story.

Page 13 of 16

## Intentional and Negligent Infliction of Emotional Distress

'The elements of a claim for intentional infliction of emotional distress are:

(1) the defendant acted intentionally; (2) the defendant's conduct was "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community;" (3) the defendant's actions proximately caused him/her emotional distress; and (4) the emotional distress was "so severe that no reasonable [person] could be expected to endure it." Matczak v. Frankford Candy and Chocolate Co., 136 F.3d 933 (3rd Cir., 1997)

"Negligent infliction of emotional distress requires: (1) a duty of reasonable care; (2) a breach of that duty; (3) severe emotional distress; and (4) that the breach of duty was the proximate cause of the injury. Russo v. Nagel, 358 N.J. Super. 254, 269-70 (App. Div. 2003). Further, "Whether the defendant has a duty of care to the plaintiff depends on whether it was foreseeable that the plaintiff would be seriously, mentally distressed." Id.

In the present case, the treatment of Ms. Lloyd meets the elements. The actions of lying on Ms. Lloyd, false arrest and imprisonment, sending a press release without based on evidence were intentional. All of this conduct was outrageous! Ms. Lloyd being charged with robbery was outrageous for mother requesting information about her son. Ms. Lloyd is unable to obtain employment due to the press release due to it still being available on the internet. Ms. Lloyd suffers extreme emotional distress due to how she was treated and the subsequent effects of the Township's employee's actions.

As for negligent infliction, all the Township employees' have a duty to act with reasonable care. They did not in this case based on the facts above and breach their duty to Ms. Lloyd as a

member of the public they serve. Due to their breach Ms. Lloyd suffers extreme emotional distress.

It is clear that there was a conspiracy to violate Ms. Lloyd's rights. Clearly the school was after Ms. Lloyd for standing up for son's rights regarding several issues. It appears that the school is not use to parents being so actively involved in their child's education. But this is not illegal and it cannot be stopped. Nevertheless, we contend that a lynching occurred.

Unfortunately, racism is real today and must be eradicated in accordance with the law. We contend that was the only reason why my client was falsely accused, arrested and charged. It is our position that Ocean Township Board of Education, Ocean Township Police Department, Ocean Township Municipal Court and Ocean Township Municipal Prosecutor; Mario Delano is sending the message that black people have no rights regarding their children in the school system.

Based on the foregoing, the Ocean Township's Police Department, Ocean Township Public School District, Ocean Township Municipal Court, Ocean Township Municipal Prosecutor; Mario Delano violated Ms. Lloyd's Civil Rights 42 U.S.C. $1983, and are liable for false arrest, false imprisonment, malicious prosecution, intentional and negligent infliction of emotional distress and defamation (libel and slander).

## Conclusion

Wherefore, Ms. Lloyd, plaintiff requests judgement against defendants for damages, punitive damages, compensatory, attorney's fees, cost of suit, media outlet retractions and any other relief as the court may deem proper.

Dated: 10/26/2018          Signature: _____

## CERTIFICATION OF NO OTHER ACTIONS

I certify that the dispute about which I am suing is not the subject of any other action pending in

any other court or a pending arbitration proceeding to the best of my knowledge and belief. Also,

to the best of my knowledge and belief no other action or arbitration proceeding is contemplated.

Further, other than the parties set forth in this complaint, I know of no other parties that should

be made a part of this lawsuit. In addition, I recognize my continuing obligation to file and serve

on all parties and the court an amended certification if there is a change in the facts stated in this

original certification.

Dated: 10/26/2018          Signature: _____

**OPITIONAL: If you would like to have a judge decided your case, do not include the**

**following paragraph in your complaint. If you would prefer to have a jury to decide your**

**case, please sign your name after the following paragraph.**

## JURY DEMAND

The plaintiff demands trials by a jury on all of the triable issues of this complaints, pursuant to

New Jersey Court *Rules 1:8-2(b) and 4:35-1(a)*

Dated: 10/26/2018          Signature: _____

# EXHIBIT B

### Monmouth County Sheriff's Office
### Shaun Golden, Sheriff
2500 Kozloski Road, Freehold, NJ 07728
(732) 431-6400 ext 1101  FAX (732) 294-5965

Sheriff's File Number:
18003799

## AFFIDAVIT OF SERVICE

Court Docket #: **MONL391518**

Thomasina L Lloyd

vs.

Ocean Township Counsel et als

Superior Court of New Jersey
County of Monmouth

I, Shaun Golden, Sheriff of Monmouth County, do hereby deputize Kevin Moylan, and appoint him/her to be my Deputy to execute and return the within **Summons & Complaint & Certification & CIS & TAN.**

### SERVICE INFORMATION

On 12/18/2018 at 11:15 AM at 163 Monmouth Road, Oakhurst, NJ 07755 , deponent served the within on *Ocean Township Board of Education*, the defendant named therein, in the following manner:

### CORPORATION

12/18/18 @ 11:15 AM - By delivering to and leaving with *Debbie Amato,* the Agent authorized to accept for Ocean Township Board of Education, a true copy thereof at the place of business.

Deputy Notes:

Fees Received from Attorney: $86.24

Attorney Name: Thomasina L Lloyd PO Box 211 Neptune, NJ 07753

Kevin Moylan
Deputy Sheriff

66-59
Badge Number

Print Date: 12/19/2018

Thomasina L. Lloyd
Pro se
PO Box 211
Neptune, NJ 07754
(732) 984-0673

| | |
|---|---|
| Thomasina L. Lloyd, <br><br>                           Plaintiff, <br><br>     vs. <br><br> Ocean Township Counsel, <br><br> Ocean Township Board of Education, <br><br> Ocean Township Police Department, <br><br> Ocean Township Municipal Court, <br><br> John Does 1-100, <br><br>                     Defendants, | **SUPERIOR COURT NEW JERSEY** <br> **LAW DIVISION: MONMOUTH COUNTY** <br> **DOCKET NO:** MON -L - 3915 -18 <br><br><br> **CIVIL ACTION** <br> **SUMMONS** |

From The State of New Jersey To The Defendant(s) Name Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for the lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date toy received this summons, not counting the date you received it. ( A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www/njcourts./gov/forms/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0671. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the

Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer

or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named

above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of

$175. 00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgement against

you for the relief plaintiff demands, plus interest and cost of suit. If judgement is entered against you, the Sheriff

may seize your money, wages or property to pay all or part of the judgement.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal

Services of New Jersey Statewide Hotline at 1-888- LSNJ-LAW (1-888) 576-5529). If you do not have an attorney

and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer

Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral

Services is available in the Civil Division Management Office in the county listed above and online at

http://www.njcourts./gov/forms/10153_deptyclerklawref.pdf.)


_____

Michelle M. Smith, Esq.
Clerk of the Superior Court

DATED: _____

Names and Addresses of Defendants to Be Served:

1) Ocean Township Counsel, 339 Monmouth Road, Oakhurst, NJ 07755

2) Ocean Township Board of Education, 163 Monmouth Road, Oakhurst, NJ 07755

3) Ocean Township Police Department, 339 Monmouth Road, Oakhurst, NJ 07755

4) Ocean Township Municipal Court, 339 Monmouth Road, Oakhurst, NJ 07755

5) Qual-Lynx, 100 Decadon Drive, Egg Harbor, NJ 08234

# EXHIBIT C

## Monmouth County Sheriff's Office
### Shaun Golden, Sheriff
2500 Kozloski Road, Freehold, NJ  07728
(732) 431-6400 ext 1101  FAX (732) 294-5965

Sheriff's File Number:
18003799

## AFFIDAVIT OF SERVICE

Court Docket #: **MONL391518**

Thomasina L Lloyd

vs.

Ocean Township Counsel et als

Superior Court of New Jersey
County of Monmouth

I, Shaun Golden, Sheriff of Monmouth County, do hereby deputize Kevin Moylan, and appoint him/her to be my Deputy to execute and return the within **Summons & Complaint & Certification & CIS & TAN.**

*Shaun Golden*

### SERVICE INFORMATION

On 12/18/2018 at 11:50 AM at 339 Monmouth Road, Oakhurst, NJ 07755 , deponent served the within on *Ocean Township Police Department*, the defendant named therein, in the following manner:

### CORPORATION

12/18/18 @ 11:50 AM - By delivering to and leaving with *Adrienne Becker,* the Agent authorized to accept for Ocean Township Police Department, a true copy thereof at the place of business.

Deputy Notes:

Fees Received from Attorney: $86.24

Attorney Name: Thomasina L Lloyd PO Box 211 Neptune, NJ 07753

FILED
DEC 28 2018
MONMOUTH VICINAGE
CIVIL DIVISION    236

*Kevin Moylan*

Kevin Moylan
Deputy Sheriff

66-59
Badge Number

Print Date: 12/19/2018

Thomasina L. Lloyd
Pro se
PO Box 211
Neptune, NJ 07754
(732) 984-0673

| | |
|---|---|
| Thomasina L. Lloyd,<br><br>                                   Plaintiff,<br><br>        vs.<br><br>Ocean Township Counsel,<br><br>Ocean Township Board of Education,<br><br>Ocean Township Police Department,<br><br>Ocean Township Municipal Court,<br><br>John Does 1-100,<br><br>                                   Defendants, | **SUPERIOR COURT NEW JERSEY<br>LAW DIVISION: MONMOUTH COUNTY**<br>**DOCKET NO:** MON-L-3915-18<br><br><br>**CIVIL ACTION<br>SUMMONS** |

From The State of New Jersey To The Defendant(s) Name Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for the lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date toy received this summons, not counting the date you received it. ( A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www/njcourts./gov/forms/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0671. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the

Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175. 00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgement against you for the relief plaintiff demands, plus interest and cost of suit. If judgement is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgement.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888- LSNJ-LAW (1-888) 576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts./gov/forms/10153_deptyclerklawref.pdf.)

Michelle M. Smith, Esq.
Clerk of Superior Court

DATED: _____

Names and Addresses of Defendants to Be Served:

1) Ocean Township Counsel, 339 Monmouth Road, Oakhurst, NJ 07755

2) Ocean Township Board of Education, 163 Monmouth Road, Oakhurst, NJ 07755

3) Ocean Township Police Department, 339 Monmouth Road, Oakhurst, NJ 07755

4) Ocean Township Municipal Court, 339 Monmouth Road, Oakhurst, NJ 07755

5) Qual-Lynx, 100 Decadon Drive, Egg Harbor, NJ 08234

# EXHIBIT D

**Monmouth County Sheriff's Office**
**Shaun Golden, Sheriff**
2500 Kozloski Road, Freehold, NJ  07728
(732) 431-6400 ext 1101  FAX (732) 294-5965

Sheriff's File Number:
18003799

## AFFIDAVIT OF SERVICE

Court Docket #: **MONL391518**

Thomasina L Lloyd

vs.

Ocean Township Counsel et als

Superior Court of New Jersey
County of Monmouth

I, Shaun Golden, Sheriff of Monmouth County, do hereby deputize Kevin Moylan, and appoint him/her to be my Deputy to execute and return the within **Summons & Complaint & Certification & CIS & TAN.**

*Shaun Golden*

## SERVICE INFORMATION

On 12/18/2018 at 11:50 AM at 339 Monmouth Road, Oakhurst, NJ 07755 , deponent served the within on *Ocean Township Counsel*, the defendant named therein, in the following manner:

## CORPORATION

12/18/18 @ 11:50 AM - By delivering to and leaving with *Adrienne Becker*, the Agent authorized to accept for Ocean Township Counsel, a true copy thereof at the place of business.

Deputy Notes:

Fees Received from Attorney: $86.24

Attorney Name: Thomasina L Lloyd PO Box 211 Neptune, NJ 07753

FILED
DEC 2 8 2018

*Kevin Moylan*

Kevin Moylan                                        66-59
Deputy Sheriff                                     Badge Number

Print Date: 12/19/2018

Thomasina L. Lloyd
Pro se
PO Box 211
Neptune, NJ 07754
(732) 984-0673

| |
|---|
| Thomasina L. Lloyd, |
| Plaintiff, |
| vs. |
| Ocean Township Counsel, |
| Ocean Township Board of Education, |
| Ocean Township Police Department, |
| Ocean Township Municipal Court, |
| John Does 1-100, |
| Defendants, |

**SUPERIOR COURT NEW JERSEY
LAW DIVISION: MONMOUTH COUNTY
DOCKET NO:** MON -L - 3915 -18

**CIVIL ACTION
SUMMONS**

From The State of New Jersey To The Defendant(s) Name Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint

attached to this summons states the basis for the lawsuit. If you dispute this complaint, you or your attorney must

file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed

above within 35 days from the date toy received this summons, not counting the date you received it. ( A directory

of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in

the county listed above and online at http://www/njcourts./gov/forms/10153_deptyclerklawref.pdf.) If the complaint

is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the

Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0671. A filing fee payable to the

Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the

Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175. 00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgement against you for the relief plaintiff demands, plus interest and cost of suit. If judgement is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgement.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888- LSNJ-LAW (1-888) 576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts./gov/forms/10153_deptyclerklawref.pdf.)

Michelle M. Smith, Esq.
Clerk of the Superior Court

DATED: _____

Names and Addresses of Defendants to Be Served:

1) Ocean Township Counsel, 339 Monmouth Road, Oakhurst, NJ 07755

2) Ocean Township Board of Education, 163 Monmouth Road, Oakhurst, NJ 07755

3) Ocean Township Police Department, 339 Monmouth Road, Oakhurst, NJ 07755

4) Ocean Township Municipal Court, 339 Monmouth Road, Oakhurst, NJ 07755

5) Qual-Lynx, 100 Decadon Drive, Egg Harbor, NJ 08234

# EXHIBIT E

### Monmouth County Sheriff's Office
### Shaun Golden, Sheriff
2500 Kozloski Road, Freehold, NJ  07728
(732) 431-6400 ext 1101  FAX (732) 294-5965

Sheriff's File Number:
18003799

## AFFIDAVIT OF SERVICE

Court Docket #: **MONL391518**

Thomasina L Lloyd

vs.

Ocean Township Counsel et als

Superior Court of New Jersey
County of Monmouth

I, Shaun Golden, Sheriff of Monmouth County, do hereby deputize Kevin Moylan, and appoint him/her to be my Deputy to execute and return the within **Summons & Complaint & Certification & CIS & TAN.**

*Shaun Golden*

### SERVICE INFORMATION

On 12/18/2018 at 11:50 AM at 339 Monmouth Road, Oakhurst, NJ 07755 , deponent served the within on *Ocean Township Municipal Court*, the defendant named therein, in the following manner:

### CORPORATION

12/18/18 @ 11:50 AM - By delivering to and leaving with *Adrienne Becker,* the Agent authorized to accept for Ocean Township Municipal Court, a true copy thereof at the place of business.

Deputy Notes:

FILED
DEC 28 2018
MONMOUTH VICINAGE

Fees Received from Attorney: $86.24

Attorney Name: Thomasina L Lloyd PO Box 211 Neptune, NJ 07753

*Kevin Moylan*

Kevin Moylan
Deputy Sheriff

66-59

Badge Number

Print Date: 12/19/2018

©SoftCode, Inc - NJ_Monmouth_CSMonAffidavit

Thomasina L. Lloyd
Pro se
PO Box 211
Neptune, NJ 07754
(732) 984-0673

| | |
|---|---|
| Thomasina L. Lloyd, | **SUPERIOR COURT NEW JERSEY** |
| Plaintiff, | **LAW DIVISION: MONMOUTH COUNTY** |
| | **DOCKET NO:** MON-L-3915-18 |
| vs. | |
| Ocean Township Counsel, | **CIVIL ACTION** |
| Ocean Township Board of Education, | **SUMMONS** |
| Ocean Township Police Department, | |
| Ocean Township Municipal Court, | |
| John Does 1-100, | |
| Defendants, | |

From The State of New Jersey To The Defendant(s) Name Above:

   The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for the lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date toy received this summons, not counting the date you received it. ( A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www/njcourts./gov/forms/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0671. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the

Page 1 of 2

Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgement against you for the relief plaintiff demands, plus interest and cost of suit. If judgement is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgement.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888- LSNJ-LAW (1-888) 576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www/njcourts./gov/forms/10153_deptyclerklawref.pdf.)

_____
Michelle M. Smith, Esq.
Clerk of the Superior Court

DATED: _____

Names and Addresses of Defendants to Be Served:

1) Ocean Township Counsel, 339 Monmouth Road, Oakhurst, NJ 07755

2) Ocean Township Board of Education, 163 Monmouth Road, Oakhurst, NJ 07755

3) Ocean Township Police Department, 339 Monmouth Road, Oakhurst, NJ 07755

4) Ocean Township Municipal Court, 339 Monmouth Road, Oakhurst, NJ 07755

5) Qual-Lynx, 100 Decadon Drive, Egg Harbor, NJ 08234

# EXHIBIT F

Benjamin H. Zieman, Esq. (082712013)
**CAPEHART & SCATCHARD, P.A.**
8000 Midlantic Drive, Suite 300S
P.O. Box 5016
Mount Laurel, New Jersey 08054-5016
856-914-2088; bzieman@capehart.com
*Attorney for Defendant*
*Ocean Township Board of Education*

| | | |
|---|---|---|
| THOMASINA L. LLOYD,<br><br>Plaintiff,<br><br>v.<br><br>OCEAN TOWNSHIP COUNSEL, OCEAN TOWNSHIP BOARD OF EDUCATION, OCEAN TOWNSHIP POLICE DEPARTMENT, OCEAN TOWNSHIP MUNICIPAL COURT, and JOHN DOES 1-100,<br><br>Defendants | : : : : : : : : : : : : : : : : : | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>MONMOUTH COUNTY<br><br>Docket No. MON-L-3915-18<br><br>Civil Action<br><br>**CONSENT TO REMOVAL** |

Defendants, Ocean Township Counsel, Ocean Township Police Department, and Ocean Township Municipal Court, by and through their counsel, David A. Schwartz, Esq., hereby consent to and join in the removal of this action by Defendant, Ocean Township Board of Education, from the Superior Court of New Jersey to the United States District Court for the District of New Jersey.

**SCHWARTZ & POSNOCK, ESQS.**

By:  _____
David A. Schwartz, Esq.
*Attorney for Defendants*
*Ocean Township Counsel, Ocean Township Police Department, and Ocean Township Municipal Court*