## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| THOMASINA L. LLOYD, | |
| Plaintiff, | Civil Action No. 19-600 (MAS) (DEA) |
| v. | **MEMORANDUM OPINION** |
| OCEAN TOWNSHIP COUNCIL, et al., | |
| Defendants. | |

### SHIPP, District Judge

This matter comes before the Court upon two motions to dismiss *pro se* Plaintiff Thomasina Lloyd's ("Plaintiff") Complaint (Notice of Removal, Ex. A ("Complaint"), ECF No. 1-1): (1) Defendant Ocean Township Board of Education's (the "Board") Motion to Dismiss (ECF No. 3) and (2) Ocean Township Police Department and the Ocean Township Municipal Prosecutor's (collectively, "Law Enforcement Defendants") Motion to Dismiss.[1] (ECF No. 2.)[2] Plaintiff opposed both motions in a single opposition brief. (ECF No. 9.) Law Enforcement Defendants filed a letter memorandum in reply. (ECF No. 21.) The Board filed a separate letter memorandum in reply. (ECF No. 22.)

---

[1] Law Enforcement Defendants note in their Motion to Dismiss that the correct name for Ocean Township Counsel is Ocean Township Municipal Prosecutor. (*See* ECF No. 3.)

[2] The Court refers to Law Enforcement Defendants and the Board collectively as "Defendants."

The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth herein, the Court grants Defendants' Motions to Dismiss. The Court also grants Plaintiff leave to file an amended complaint.

## I.    Background[3]

On March 6, 2014, Plaintiff met with members of the Board to discuss "egregious violations of the Federal education law" related to her son. (Compl. at 1-2, ECF No. 1-1.)[4] After Plaintiff left the school, a police officer stopped her, informed her of an outstanding traffic warrant, and arrested her. (*Id.* at 2.)

The police "ultimately charged [Plaintiff] with robbery in the course of an aggravated assault for allegedly grabbing the arm of [] Kachmar-Will[5] and forcefully removing her son's school records . . . ." (*Id.*) Plaintiff alleges that the police held her in custody for more than twenty-four hours. (*Id.*) Additionally, Plaintiff alleges that Detective Michael Melody "lied in [the] police report and said Ms. Lloyd admitted to something she did not do." (*Id.*)

On March 13, 2014, the Ocean Township Police Department issued a press release regarding the arrest.[6] (*Id.*) On May 31, 2014, the police converted Plaintiff's robbery charge to a

---

[3] In ruling on a motion to dismiss, the Court accepts as true all well-pled factual allegations in the Complaint. *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008).

[4] Because the Complaint does not consistently use numbered paragraphs as mandated by Federal Rule of Civil Procedure 10(b), the Court refers to the pagination included at the bottom of the Complaint.

[5] Lorretta Kachmar-Will, Special Projects Supervisor for Ocean Township, attended the meeting with Plaintiff. (*Id.*)

[6] The Court has not been presented with any record that documents the press release. As such, the Court relies on Plaintiff's allegations about the press release found in the Complaint.

2

single count of harassment. (*Id.*) On February 23, 2016, Ocean Township Municipal Court convicted Plaintiff of harassment. (*Id.*) Plaintiff appealed the conviction, and on September 2, 2016, the Monmouth County Superior Court acquitted her. (*Id.*)

On December 2, 2016, Plaintiff served all Defendants with a "Notice of Tort Claim." (*Id.*) On March 27, 2019, Plaintiff initiated this action in the Superior Court of New Jersey, Law Division, Monmouth County. (Notice of Removal, ECF No. 1.) Construing the Complaint liberally, Plaintiff appears to assert claims for false arrest, malicious prosecution, and fabrication of evidence pursuant to 42 U.S.C. § 1983 ("Section 1983"). (Compl. at 4-15.) Plaintiff brings the following state law claims: (1) malicious prosecution; (2) false arrest; (3) false imprisonment; (4) defamation; (5) intentional infliction of emotional distress; and (6) negligent infliction of emotional distress. (*Id.*) Plaintiff may also be attempting to bring claims for conspiracy and racial discrimination. (*Id.* at 13, 15.) On October 30, 2018, Plaintiff initiated the instant action. (*See generally* Notice of Removal.) On January 17, 2019, this matter was removed this case pursuant to 28 U.S.C. § 1441(a). (*Id.*)

## II. Legal Standard

A district court conducts a three-part analysis when considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).[7] *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the court must "review[ ] the complaint to strike conclusory allegations[.]" *Id.* The court must accept as true all of the plaintiff's well-pleaded factual allegations and "construe the complaint in the light most favorable to the plaintiff[.]" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009)

---

[7] All references to a Rule or Rules refer to the Federal Rules of Civil Procedure.

3

(citation omitted). In doing so, however, the court is free to ignore legal conclusions or factually unsupported accusations that merely state "the-defendant-unlawfully-harmed-me." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Finally, the court must determine whether "the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679). A facially plausible claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 678).

Federal Rule of Civil Procedure Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests . . . .'" *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. . . ." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). Nonetheless, "a litigant is not absolved from complying with *Twombly* and the federal pleading requirements merely because [she] proceeds *pro se*." *Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010) (citation omitted). Thus, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

### III. Discussion

Defendants first argue Plaintiff's claims are both untimely and deficient. (*See generally* Board's Moving Br. 6-30; Law Enforcement Defs.' Moving Br. 13-29.) In response, Plaintiff appears to argue equitable tolling applies to her claims. (*See* Pl.'s Opp'n Br. 5, ECF No. 9 ("Plaintiff is requesting the [C]ourt waive the statutes of limitation due to years of illness, homelessness, financial hardship, bankruptcy[,] . . . caring for her child with disabilities . . . [a]s

4

well as being represented by two bad attorneys who neglected her case . . . .").) In reply, Defendants argue Plaintiff has failed to allege sufficient facts to demonstrate she was (1) pursuing her claim diligently; and (2) extraordinary circumstances were the cause for Plaintiff's delay in filing. (*See, e.g.*, Law Enforcement Defs.' Reply Letter 3, ECF No. 21.)

## A.   **Timeliness**

### 1.   Timeliness of the Complaint

A plaintiff may pursue a cause of action under Section 1983 for certain violations of his or her constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

For Section 1983 actions, courts look to the applicable state law to determine the limitations period. *See Wallace v. Kato*, 549 U.S. 384, 387 (2007). A Section 1983 complaint is "characterized as a personal injury claim and thus is governed by the applicable state's statute of limitations for personal-injury claims." *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010) (citing *Cito v. Bridgewater Twp. Police Dep't*, 892 F.2d 23, 25 (3d Cir. 1989)).

In New Jersey, the statute of limitations for personal injury actions is two years. N.J.S.A. 2A:14-2. Therefore, Plaintiff's Section 1983 claims of false arrest and imprisonment, malicious prosecution, and fabrication of evidence are subject to this two-year statute of limitations period. *See Dique*, 603 F.3d at 185.

While it is true that the length of the statute of limitations for Section 1983 claims is governed by state law, "[f]ederal law governs a cause of action's accrual date." *Kach v. Hose*, 589

5

F.3d 626, 634 (3d Cir. 2009) (citing *Genty v. Resolution Trust Corp.*, 937 F.2d 899, 919 (3d Cir. 1991). A Section 1983 cause of action accrues, and the statute of limitations begins to run, "when the plaintiff knew or should have known of the injury upon which [her] action is based." *Id.* (quoting *Sameric Corp. v. City of Phila.*, 142 F.3d 582, 599 (3d Cir. 1998)). On October 30, 2018, Plaintiff initiated the instant action. Therefore, any Section 1983 claim asserted in her Complaint would be time-barred if it accrued prior to October 30, 2016.

The statute of limitations for a Section 1983 claim of false arrest and false imprisonment accrues "at the time the claimant becomes detained pursuant to legal process." *Wallace*, 549 U.S. at 397. In this case, the statute of limitations commenced on March 6, 2014, the date Plaintiff was arrested. (Compl. at 1.) Plaintiff's claims for false imprisonment and false arrest, therefore, are time-barred.[8]

"[A Section 1983] cause of action for malicious prosecution does not accrue until the criminal proceedings have terminated in the plaintiff's favor . . . ." *Heck v. Humphrey*, 512 U.S. 477, 489 (1994). This accrual date is the same for a cause of action based on fabrication of evidence. *See Floyd v. Att'y Gen. of Pa.*, 722 F. App'x 112, 114 (3d Cir. 2018). In this case, Plaintiff's Section 1983 claims for malicious prosecution and fabrication of evidence accrued on September 6, 2016—the date of Plaintiff's acquittal in Monmouth County Superior Court. (Compl. at 2.) Plaintiff's claim, therefore, expired on September 6, 2018 and is thus time-barred.

Turning to the state law claims, the accrual date for false arrest and false imprisonment under New Jersey law is similar to Section 1983 claims and the claims accrue when the claimant

---

[8] State law claims for false arrest and false imprisonment under New Jersey law, as opposed to federal law claims, also accrue on the date of arrest. *Bayer v. Twp. of Union*, 997 A.2d 1118, 1129 (N.J. Super. Ct. App. Div. 2010).

is detained. *See Bayer*, 997 A.2d at 1130. These claims are, therefore, time-barred because Plaintiff was arrested on March 6, 2014. (Compl. at 1.)

The statute of limitations for libel and slander bars a cause of action after one year of the act in question.[9] N.J.S.A. § 2A:14-3. New Jersey law mandates that the statute of limitations for a defamation claim begins to run from the date of publication. *NuWave Inv. Corp. v. Hyman Beck & Co.*, 75 A.3d 1241, 1259 (N.J. Super. Ct. App. Div. 2013); *Farzan v. United Parcel Serv., Inc.*, No. 10-1417, 2011 WL 3510860, at *11 (D.N.J. Aug. 8, 2011). Plaintiff's cause of action for defamation began to run on March 13, 2014, because that is when the Ocean Township Police Department issued a press release regarding her arrest and the conduct upon which Plaintiff bases her defamation claims. (*See* Compl. at 2.) These claims, therefore, are time-barred.

"[C]laims asserted for . . . infliction of emotional distress are governed by the two-year statute of limitations contained in N.J.S.A. 2A:14-2 . . . ." *Fraser v. Bovino*, 721 A.2d 20, 25 (N.J. Super. Ct. App. Div. 1998). "Ordinarily, a cause of action accrues when the plaintiff knows of his or her injuries and of facts sufficient to attribute those injuries to the fault of another." *Viviano v. CBS, Inc.*, 503 A.2d 296, 300 (N.J. 1986) (citing *Lynch v. Rubacky*, 424 A.2d 1169, 1173-74 (N.J. 1981)). If Plaintiff is alleging negligent and intentional infliction of emotional distress arising from an arrest, then those claims began to run on the date she was arrested. *See Campanello v. Port Auth. of N.Y. & N.J.*, 590 F. Supp. 2d 694, 699-700 (D.N.J. 2008) (finding that claims for negligent and intentional infliction of emotional distress accrued on the date of arrest).

Plaintiff ties "the actions of lying[,]" false arrest and imprisonment, and the Police Department's press release to her claims of negligent and intentional infliction of emotional distress. (Compl. at 14.) Even if Plaintiff had tied the negligent or intentional infliction of

---

[9] Libel and slander are forms of defamation. *See W.J.A. v. D.A.*, 43 A.3d 1148, 1154 (N.J. 2012).

emotional distress exclusively to the press release—the last chronological event Plaintiff ties to her emotional distress—Plaintiff's claims for negligent and intentional infliction of emotional distress are still time-barred because that event happened on March 13, 2014 and Plaintiff did not file her Complaint until October 30, 2018. (Compl. at 2.)

## 2.    Timeliness of Plaintiff's Notice of Tort Claim

Regarding the state law claims described above, Defendants argue Plaintiff also failed to serve Defendants with a timely notice of tort claim. (Law Enforcement Defs.' Moving Br. 14.) The New Jersey Tort Claims Act ("NJTCA") "'establishes the procedures by which claims [against public entities and public employees] may be brought,' including a mandatory pre-suit notification of the claim." *Rogers v. Cape May Cty. Office of Pub. Def.*, 31 A.3d 934, 937 (N.J. 2011) (quoting *Beauchamp v. Amedio*, 751 A.2d 1047 (N.J. 2000)). "The *claimant shall be forever barred* from recovering against a public entity or public employee *if . . . [she] failed to file [her] claim with the public entity within 90 days of accrual* of [her] claim." N.J.S.A. 59:8-8 (emphasis added). Moreover, New Jersey law provides,

> Application to the court for permission to file a late notice of claim shall be made upon motion supported by affidavits based upon personal knowledge of the affiant showing sufficient *reasons constituting extraordinary circumstances for h[er] failure to file notice of claim* within the period of time prescribed by section 59:8-8 of this act or to file a motion seeking leave to file a late notice of claim within a reasonable time thereafter; *provided that in no event may any suit against a public entity or a public employee arising under this act be filed later than two years from the time of the accrual* of the claim.

N.J.S.A. 59:8-9 (emphasis added).

To determine whether a Notice of Tort Claim is timely under the NJTCA, or whether the deadline for a late notice of claim has passed, the accrual date for the cause of action must be

ascertained. (*Id.*) Based upon the facts presented in the instant complaint,[10] Plaintiff's state law claims for false arrest and imprisonment accrued on March 6, 2014, when the police arrested her. (Compl. at 1.) Plaintiff's defamation claim accrued on March 13, 2014, when the Police Department filed its press release. (*Id.* at 2.) Plaintiff's malicious prosecution claim accrued on September 2, 2016, when the New Jersey Superior Court acquitted Plaintiff of her conviction. (*Id.*). Plaintiff's negligent and intentional infliction claims accrued on March 6, 2016, the date of her arrest. (*Id.* at 1.)

Plaintiff did not serve Defendants with a Notice of Tort claim until December 2, 2016. (*Id.*) That is more than two years past the initial date of accrual for Plaintiff's false arrest and defamation claims. The time frame to file a Notice of Tort Claim regarding Plaintiff's malicious prosecution claim has also expired because Plaintiff served public entities ninety-one days after that claim accrued. Since Plaintiff did not obtain leave to file a late Notice of Tort Claim "within one year of accrual[,]" all state law claims are time-barred by the NJTCA. *See* N.J.S.A. 59:8-9. Even if Plaintiff did file a late Notice of Tort Claim within one year of accrual, and the Court did find sufficiently extraordinary circumstances to warrant such an extension, all state law claims are still time-barred because in "no event may any suit against a public entity or a public employee arising under this act be filed later than two years from the time of the accrual of the claim." N.J.S.A. 59:8-9.

---

[10] Because the Court grants Plaintiff leave to file an Amended Complaint, the Court emphasizes that these accrual dates are limited solely to the dates presented in Plaintiff's Complaint, and that these accrual dates may change after Plaintiff has had the opportunity to file an Amended Complaint.

### 3. Equitable Tolling[11]

"Under equitable tolling, plaintiffs may sue after the statutory time period for filing a complaint has expired if they have been prevented from filing in a timely manner due to sufficiently inequitable circumstances." *Seitzinger v. Reading Hosp. and Med. Ctr.*, 165 F.3d 236, 240 (3d Cir. 1999). "The law is clear that courts must be sparing in their use of equitable tolling." *Id.* at 239.

"A party must plausibly plead allegations to support equitable tolling and 'a district court may dismiss an untimely cause of action if it is plain on the face of the complaint that the limitations period cannot be tolled.'" *Margolis v. Warner Chilcott (US) LLC*, No. 17-4550, 2018 WL 2455925, at *6 (D.N.J. May 31, 2018) (quoting *Menichino v. Citibank, N.A.*, No. 12-0058, 2013 WL 3802451, at *6 (W.D. Pa. July 19, 2013)). Plaintiffs may not amend their pleadings through arguments found in their Opposition Brief in order to support application of equitable tolling. *Margolis*, 2018 WL 2455925, at *7 (D.N.J. May 31, 2018) (citing *Pa. ex rel. Zimmerman v. Pepsico*, 836 F.2d 173 (3d Cir. 1988)); *see also Evans v. Gloucester Twp.*, 124 F. Supp. 3d 340, 343 (D.N.J. 2015) ("The Court rejects [p]laintiff's attempt to invoke the doctrine of equitable tolling under New Jersey and federal law by relying on facts not pleaded in the Amended Complaint.").

While not an exhaustive list, the Third Circuit has identified three principal situations where equitable tolling may be appropriate: "(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary

---

[11] Equitable tolling is discussed in relation to the federal claims. Regarding the state law claims, the Late Notice of Tort Claim functions as a mechanism for equitable tolling. As stated above, however, these claims cannot go forward after two years. As such, Plaintiff may only apply the equitable tolling doctrine to her federal claims.

way has been prevented from asserting her rights; or (3) where the plaintiff has timely asserted her rights mistakenly in the wrong forum." *Oshiver v. Levin, Fishbein, Sedran & Berman*, 111 F.3d 1380, 1387 (3d Cir. 1994). An extraordinary circumstance is seen as sufficient to toll a statute of limitations when it "prevents a plaintiff from asserting a right despite the exercise of reasonable diligence." *Hanani v. State of N.J. Dep't of Envtl. Prot.*, 205 F. App'x 71, 77 (3d Cir. 2006) (citing *Merritt v. Blaine*, 326 F.3d 157, 168 (3d Cir. 2003)).

In her Opposition Brief, Plaintiff appears to argue that extraordinary circumstances impeded her from filing the Complaint on time and asks the Court to apply equitable tolling. (*See* Pl.'s Opp'n Br. 5.) Specifically, Plaintiff states she suffered "years of illness, homelessness, financial hardship, bankruptcy[,] and caring for her child with disabilities . . . . [a]s well as being represented by two bad attorneys who neglected her case." (*Id.*) Preliminarily, the Court notes that Plaintiff's unsupported assertions are insufficient to invoke equitable tolling.

The Court also notes that the specific reasons Plaintiff proffers in her Opposition Brief are insufficient for the Court to apply equitable tolling. First, Plaintiff appears to claim that counsel advised her of the wrong statute of limitations. (*Id.*) The Third Circuit, however, has stated that "[i]n non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling." *LaCava v. Kyler*, 398 F.3d 271, 276 (3d Cir. 2005) *(citing Merritt v. Blaine*, 326 F.3d 157, 169 (3d Cir. 2003)); *see also Johnson v. Hendricks*, 314 F.3d 159, 160-62 (3d Cir. 2002) (rejecting petitioner's argument that the statute of limitations should be equitably tolled because his counsel gave him the wrong statute of limitations for his habeas corpus petition).

Plaintiff also asserts "illness" as a reason to toll the limitations, however, it is unclear whether Plaintiff is referring to mental or physical illness. (Pl.'s Opp'n Br. 5.) "Mental incapacity,

involving unusual circumstances, has been recognized as a basis for equitable tolling of statutes of limitations." *Patnaude v. Gonzales*, 478 F. Supp. 2d 643, 648-49 (D. Del. 2007). To warrant equitable tolling, "the alleged mental illness must be demonstrated and compelling." *Id.*; *see, e.g.*, *Hedges v. United States*, 404 F.3d 744, 753 (3d Cir. 2005) (holding that plaintiff's "*pro se* status and depression do not justify equitable tolling"); *Powell v. Indep. Blue Cross, Inc.*, No. 95-2509, 1997 WL 137198 (E.D. Pa. Mar. 26, 1997) ("To toll a federal statute of limitations, plaintiff must suffer from a mental illness which in fact prevents [her] from managing [her] affairs and from understanding and acting on [her] legal rights.").

Regarding physical illness, "such tolling would only be appropriate if the physical illness actually prevented [her] from complying with the applicable statute of limitations." *Vasquez v. Batiste*, No. 14-4366, 2015 WL 6687549, at *3 (D.N.J. Oct. 30, 2015); *see also Boos v. Runyon*, 201 F.3d 178, 185 (2d Cir. 2000) (stating that the plaintiff's conclusory and vague claim, without a particularized description of how her condition adversely affected her capacity to function generally or in relationship to the pursuit of her rights, was "manifestly insufficient to justify any further inquiry into tolling"). Whichever type of illness Plaintiff is claiming as a reason for invoking equitable tolling, she only states one word—"illness." (Compl. at 5.) Given the standards set forth above for mental and physical illness, Plaintiff's reason as it stands would be insufficient to warrant equitable tolling.[12]

---

[12] Plaintiff also proffers "homelessness, financial hardship, bankruptcy and caring for her child with disabilities" as another reason to toll the statute of limitations. As stated previously, Plaintiff failed to plead any facts supporting those assertions, and therefore the Court grants Defendants' Motions to Dismiss. Plaintiff may file an Amended Complaint and provide the Court with sufficient facts to support her allegations. *See, e.g.*, *Daniels v. Univ. of Pittsburgh Med. Ctr.*, No. 14-1118, 2015 WL 2341265, at *4 (W.D. Pa. May 14, 2015) (finding that the plaintiff's request for equitable tolling based upon homelessness was insufficient because the plaintiff did not give any information regarding duration of homelessness or factual circumstances related to the plaintiff's homelessness).

## B.     Complaint on its Merits

Because the Court grants Plaintiff leave to amend her Complaint, the Court addresses the substantive deficiencies in Plaintiff's federal claims. The Court finds that many of Plaintiff's claims do not meet the requisite pleading standard.[13]

### 1.     Liability of Municipalities

Plaintiff brings a supervisory liability and/or municipal liability claim against the Board and the Ocean Township Police Department. A local government unit or supervisory official is not liable pursuant to Section 1983 solely based on a theory of *respondeat superior*. *See Monell v. N.Y.C. Dep't of Soc. Serv.*, 436 U.S. 658, 690-91 (1978). Municipal liability, however, may attach "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury" of which is complained. *Id.* at 694; *see also Connick v. Thompson*, 563 U.S. 51, 60 (2011).

A municipal policy generally is a "statement, ordinance, regulation, or decision officially adopted and promulgated by" the municipality's official. *Monell*, 436 U.S. at 690. A municipal custom is one that, "[a]lthough not authorized by law," is "so permanent and well settled as to constitute a 'custom or usage' with the force of law." *Id.* at 691. *See also Connick*, 563 U.S. at 61 ("Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law."). Here, the Complaint fails to allege any custom, policy or practice caused an injury. Plaintiff failed, accordingly, to raise a *Monell* claim against the Board or the Ocean Township Police Department.

---

[13] Plaintiff names Ocean Township Council as a Defendant but pleads no facts to assert this particular defendant violated her rights.

13

### 2. False Arrest

"It is well established that the Fourth Amendment prohibits a police officer from arresting a citizen except upon probable cause." *Reedy v. Evanson*, 615 F.3d 197, 211 (3d Cir. 2010). Therefore, "[t]o state a claim for false arrest under the Fourth Amendment, a plaintiff must allege (1) that there was an arrest, and (2) that the arrest was made without probable cause." *Gonzalez v. Bobal*, No. 13-1148, 2015 WL 1469776, at *4 (D.N.J. Mar. 30, 2015) (citing *James v. City of Wilkes-Barre*, 700 F.3d 675, 680 (3d Cir. 2012)).

Although Plaintiff's actual arrest is undisputed, Plaintiff fails to allege facts supporting her assertion that she was arrested without probable cause. Rather, Plaintiff argues there was no evidence "a crime was afoot[,]" but also states she was arrested due to an "outstanding traffic warrant." (*See* Compl. at 2, 6, 8.) Police officers, however, may lawfully arrest individuals due to outstanding traffic warrants. *See Applewhite v. Twp. of Millburn*, No. 11-6957, 2013 WL 5574569, at *5 (D.N.J. Oct. 9, 2013) ("There is no dispute that [the police officer] could lawfully arrest [the plaintiff] once he was aware of the [outstanding traffic] warrant."). Plaintiff's Complaint, therefore, fails to plead facts supporting her false arrest allegations.

### 3. Malicious Prosecution

Plaintiff must plead facts regarding five elements in order to meet the pleading standard for a malicious prosecution claim under Section 1983. *Kossler v. Crisanti*, 564 F.3d 181, 186 (3d Cir. 2009). Specifically, Plaintiff must allege facts to support that:

> (1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent

14

> with the concept of seizure as a consequence of a legal
> proceeding.[14]

*Id.*; *see also Smith v. New Jersey*, No. 12-0478, 2012 WL 5185611, at \*4 (D.N.J. Oct. 18, 2012). The Third Circuit has held that "[p]retrial custody and some onerous types of pretrial, non-custodial restrictions constitute a Fourth Amendment seizure." *DiBella v. Borough of Beachwood*, 407 F.3d 599, 603 (3d Cir. 2005). "Because under the common law, the tort of malicious prosecution concerns 'perversion of proper legal procedures,' [the plaintiff] must show that [she] suffered a seizure as a consequence of a legal proceeding." *Gallo*, 161 F.3d at 222 (quoting *Singer v. Fulton Cty. Sheriff*, 63 F.3d 110, 117 (2d Cir. 1995).)

The Court finds *Basile v. Township of Smith*, 752 F. Supp. 2d 643 (W.D. Pa. 2010), persuasive. In relevant part, the plaintiff asserted a malicious prosecution claim under Section 1983. *Basile*, 752 F. Supp. 2d at 658. The plaintiff argued he satisfied the definition of a seizure because he was arrested, taken to the police station for questioning prior to the initiation of criminal charges, and required to attend a preliminary hearing after a criminal complaint had been filed. *Id.* at 660. The *Basile* court held these allegations did not constitute a seizure because a seizure for the purposes of a malicious prosecution claim, "must occur only as a subsequent aftereffect of an arrest and filing of charges." *Id.* (internal quotations omitted). "[An] arrest alone is not enough in this circuit to constitute a seizure." *Id.* at 660. As to the pretrial proceeding, the *Basile* court made clear "that attending court proceedings does not constitute a seizure for purposes of the Fourth Amendment." *Id.* (citing *DiBella*, 407 F.3d at 603).

---

[14] The Third Circuit has noted that "prosecution without probable cause is not, in and of itself, a constitutional tort." *Gallo v. City of Phila.*, 161 F.3d 217, 222 (3d Cir. 1998). "'Instead, the constitutional violation is the deprivation of liberty accompanying the prosecution,' which raises a claim of violation of the Fourth Amendment right not to be subjected to unreasonable seizures." *Smith v. New Jersey*, No. 12-0478, 2012 WL 5185611, at \*6 n.2 (D.N.J. Oct. 18, 2012) (quoting *Gallo*, 161 F.3d at 222).

Here, Plaintiff asserts the police arrested her, imprisoned her for over twenty-four hours, and ultimately charged her with a robbery. (Compl. at 2.) As noted above, Plaintiff's arrest alone is insufficient to constitute a seizure, and Plaintiff fails to allege any facts subsequent to that arrest that would support her malicious prosecution allegations. *See, e.g., Lassoff v. New Jersey*, 414 F. Supp. 483, 492 (D.N.J. 2006) (dismissing the plaintiff's malicious prosecution claim because the plaintiff failed to plead any facts supporting such a claim, such as being "required to post bond or contact the court or pre-trial services," or being "subject to travel restrictions or any other restriction on his lifestyle.")

### 4. Conspiracy

The Court also construes a conspiracy claim stemming from Plaintiff's statement that "it is clear that there was a conspiracy to violate Ms. Lloyd's rights." (Compl. at 15.) To plead a civil conspiracy claim under Section 1983, a plaintiff must allege facts that "support the existence of the elements of conspiracy: agreement and concerted action." *Capogrosso v. Supreme Court of N.J.*, 588 F.3d 180, 185 (3d Cir. 2009) (quoting *Crabtree v. Muchmore*, 904 F.2d 1475, 1480-81 (10th Cir. 1990)). Conclusory allegations of an agreement to commit a conspiracy are insufficient; "[i]nstead, specific facts addressing the time the agreement was made, the period of the conspiracy, the exact parties to the agreement, and the object of the conspiracy are required." *Great W. Mining & Mineral Co. v. Fox Rothschild, LLP*, 615 F.3d 159, 178-79 (3d Cir. 2010); *Pittman v. Martin*, No. 13-4342, 2014 WL 2727005, at *2 (3d Cir. June 17, 2014). Here, Plaintiff only makes conclusory statements regarding a conspiracy without alleging any facts to show there was an

agreement between co-conspirators.[15] Therefore, if Plaintiff intended to raise a conspiracy claim, then she has not sufficiently pled such claim.

## IV.    Conclusion

For the reasons set forth above, the Board and Law Enforcement Defendants' Motions to Dismiss are granted. The Court grants Plaintiff leave to file an amended complaint. In her amended complaint, Plaintiff must plead facts demonstrating that equitable tolling applies, as well as meet the pleading requirements for her substantive claims. The Court will enter an Order consistent with this Memorandum Opinion.

s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

**Dated:**    August 31, 2019

---

[15] Plaintiff's conclusory allegations are also insufficient to support a claim for racial discrimination under 42 U.S.C. § 1985 ("Section 1985"). The elements of a Section 1985 claim are: "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is injured in his person or property or deprived of any right or privilege of a citizen of the United States." *Farber v. City of Paterson*, 440 F.3d 131, 134 (3d Cir. 2006) (internal quotations and citations omitted).